**CHICAGO TRUST CO. et al. v. DANIEL BOONE COAL CORPORATION et al.**

No. 3881.

District Court, E. D. Kentucky.

Aug. 23, 1930.

Fisher, Boyden, Bell, Boyd & Marshall, of Chicago, Ill., and Rouse & Price, of Covington, Ky., for plaintiffs.

Earl K. Schiek, of Chicago, Ill., for defendants.

ANDREW M. J. COCHRAN, District Judge.

This suit is before me on the motion of the defendant L. D. Crawford, to modify so much of the order made by this court August 5, 1929, in the case of C. T. C. Investment Co. v. Daniel Boone Corporation, 58 F.(2d) 305, consolidated herewith, as is contained in these words:

"All persons having any property of said defendant in their possession or under their control are hereby ordered and directed to deliver same forthwith to said receiver. It is further ordered that all persons be and they are hereby enjoined from interfering with said receiver in the possession of said property and with the administration of her trusts"

—in so far as same affects such defendant and his associates and their right to enforce the judgment granted to them by the Perry circuit court against the Daniel Boone Coal Corporation, and in so far as it stays the execution issued upon the judgment of the Perry circuit court in favor of him and his associates, and to permit them to enforce that judgment and execution by the proper writs and processes of the Perry circuit court.

Brief has been filed in support of the motion, to which no response has been made. It is not unlikely that plaintiffs' counsel have not seen it. I will not, however, wait for a response, but proceed to its disposition. This I do because I feel constrained to deny the motion and that, possibly, at least, Crawford and his associates have been wronged by the proceedings herein, and the righting of them should be hastened. In that brief it is stated that, by the order of August 5, Crawford and his associates were enjoined from proceeding any further in their efforts to collect their judgment from the defendant, the Daniel Boone Corporation. That order contained no such injunction; nor did it stay the execution which had been issued thereon. In order to bring out exactly the effect which it was possible for it to have thereon, a statement as to the condition of things at the time the order was entered should be made. The judgment referred to was rendered by the Perry circuit court March 13, 1929, and was against the defendant Daniel Boone Coal Corporation, and the Boone Mining Company. It was for royalties claimed to be due them under a coal lease made by Crawford and associates. Seemingly these parties disputed their liability therefor, but the issue went against them. The judgment was a personal judgment for something over $8,000 excluding interest. In the judgment, Crawford and his associates were adjudged a lien upon all the property of every kind, class, and character belonging to or claimed by either of those parties, consisting of houses, steel, mine cars, ties, mining equipment, motors, copper wire, and every other class or kind of property on or used on, or in connection with the mining of coal in, the leasehold to secure the amount adjudged them. No order of sale was made to enforce this lien, and it does not appear that they were entitled to an order of sale in that suit. An execution issued on the personal judgment June 15, 1929, and was that day placed in the hands of the sheriff of Perry county. On July 2, 1929, he levied the execution on a stock of merchandise, wares, and fixtures, and all the mining machinery and equipment of the two defendants at Lennut, Ky. The sheriff did not actually take possession of the property levied on, but allowed same to remain in the possession of defendants. Their possession,

304

however, was that of the sheriff. In the case of Richardson v. Bartley, 2 B. Mon. (Ky.) 328, 331, it was said: "We cannot doubt that the officer may, at his own wish, entrust the care and keeping of the property levied on to others, and if he chooses to risk it he may entrust it to the defendant in the execution—in either case they are his mere bailees and keepers of the property, and their possession is his possession."

This levy the sheriff indorsed on the execution on that date.

■ Such then was the condition of things at the date of the entry of the order of August 5, 1929. If, as stated, the sheriff was then in possession of the property levied on the first part of that portion thereof which is complained of is broad enough in its terms to require the sheriff to deliver that property to the receiver. If he was not then in possession, and the effect of the mere entry of the order and the qualification of the receiver, without more, was to place the possession of the property in the receiver, then the latter part of the order was broad enough to enjoin the sheriff from interfering with such possession of the receiver. That day was the return day of the execution, and, if the sheriff had not then made an effective levy of the execution vesting him in possession of the property levied on, he had the whole of that day in which to make such levy. The order, however, was not intended to interfere with the sheriff in either respect. As the court is at present advised it had no right to so interfere with him. It was not then advised as to the condition of things, and it did not become so advised until the papers came into its hands on this motion. The order was the usual order in receivership cases. It is true that the bill alleged that Crawford and his associates had the judgment herein set forth and that they were threatening to levy execution therefor on the stock of merchandise and other property of the defendant. This may be said to imply that an execution had been issued, but it did not necessarily mean that it had, and it is not recalled that this allegation was noticed. At any rate, no order was entered enjoining the enforcement of the judgment or the levy of the execution. It is stated in the pleading that immediately upon the appointment of the receiver the sheriff was wired to return the execution. The receiver had no authority to give such direction to the sheriff. The most that he had the right to do was to notify him of her appointment; to claim that by virtue thereof she came into possession of all the property of the defendant, and to call his attention to the portion of the order enjoining interference with her possession. Upon receipt of such wire the sheriff returned the execution and indorsed on it: "This execution returned. The levy endorsed hereon is stayed. The defendant, Boone Mining Company and Boone Coal Corporation in the hands of Receiver in U. S. District Court of Eastern Kentucky."

■ If, as above intimated, the sheriff was then in possession of the property levied on, the return of the execution did not release the levy. He retained the possession as before, and the receiver had no right to require him to deliver it up.

■ Crawford and associates should at once have called the court's attention to this condition of things by filing a petition seeking to have the receiver return the property levied on to the sheriff in order that he might subject it to the execution, instead of waiting to file long-winded pleadings attacking plaintiff's debts and mortgages and the good faith of the suits. This court has always taken particular pains never to interfere with the state court where it has acquired prior jurisdiction. The portions of the order of August 5th, complained of, are not subject to modification in the particulars sought, and it will do Crawford and his associates no good to make the modification. Hence the motion is overruled.

What plaintiffs should do is to file a petition setting up all the facts accurately, and seek an order requiring the receiver to return to the sheriff all property levied on if same is now in existence, or, if not, to account to him for its value. It is set forth in the pleadings that the receiver has removed from the leased premises the property on which it was adjudged that Crawford and his associates had a lien to secure their royalties. If the state court has prior jurisdiction of this matter, the petition should bring out that such is the case, and seek such relief as it deems it is entitled to in this particular.

Upon the filing of the petition the plaintiffs and the receiver can respond and they can be heard fully on any of the matters as to which I have taken position herein. If shown to be in error, I will recede therefrom. At the June hearing at Lexington, I called their attention to the fact that prior jurisdiction of the state court might be in their way.